UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY L. FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-225 CAS/SPM |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se petitioner Rodney L. Foster's "Objections to the U.S. Magistrate's April 1, 2016 Order Denying Discovery Under Rule 6" (Doc. 28), and petitioner's letter dated April 18, 2016 (Doc. 29) that supplements his Objections. For the following reasons, the Court will overrule petitioner's Objections.

**I. Background**

Petitioner filed this action under 28 U.S.C. § 2254 on February 2, 2015, seeking review of his state court conviction. On February 10, 2015, the case was referred to Magistrate Judge Shirley Padmore Mensah pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72. Petitioner's Objections concern a ruling on a non-dispositive matter.

On April 1, 2016, the Magistrate Judge issued an Order denying petitioner's Second Motion to Authorize Discovery that described petitioner's motion as follows:

> In Petitioner's Second Motion to Authorize Discovery, Petitioner seeks to obtain a DVD surveillance video of the scene of the crime of which he was convicted. He also seeks to obtain reports, documentation, and witness deposition testimony related to the video. Petitioner argues that this evidence would contain

> exculpatory evidence relevant to Ground 3 of his petition, in which he alleges that his trial counsel was ineffective for failing to investigate and obtain this DVD surveillance video. Petitioner raised the ineffective assistance of counsel claim in Ground 3 in his Rule 29.15 motion for post-conviction relief, and the motion court held an evidentiary hearing and found the claim to be without merit. See Resp't Ex. F, Doc. 10-6, at pp. 33-36, 42-43. The Missouri Court of Appeals reviewed the claim and affirmed the motion court's decision.

Order of Apr. 1, 2016 ("Order") at 2 (Doc. 27).

The Magistrate Judge stated the Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," Cullen v. Pinholster, 563 U.S. 170, 181 (2011), and that this Court has applied Pinholster's holding to requests for discovery under Rule 6 of the Rules Governing § 2254 Cases. Order at 2 (citing Greenlee v. Wallace, 2015 WL 847489, at *1 (E.D. Mo. Feb. 26, 2015)).

The Magistrate Judge rejected petitioner's argument that 28 U.S.C. § 2254(e)(2) acts as an exception to § 2254(d) and Pinholster, stating that § 2254(e)(2) "merely provides limitations on the circumstances under which a court may consider new evidence in assessing a habeas claim." Order at 4. The Magistrate Judge also rejected petitioner's argument that Williams v. Taylor, 529 U.S. 420 (2000), "contains an 'exception' to Pinholster and permits discovery where a petitioner has been diligent during the relevant stages in the state proceedings but the facts are still not developed." Order at 4. The Magistrate Judge stated that Williams "concerned only the question of when § 2254(e)(2) bars a federal evidentiary hearing." Order at 4-5.

**II. Legal Standard**

A party may file objections to a magistrate judge's order that rules on a pretrial issue which is not dispositive of a case, within fourteen days after being served with a copy. Rule 72(a), Fed. R. Civ. P. "The district judge in the case must consider timely objections and modify or set aside

2

any part of the order that is clearly erroneous or is contrary to law." Id. Petitioner's Objections are timely and the Court therefore considers them, but finds them to be without merit.

**III. Discussion**

Petitioner asserts that the Magistrate Judge's Order is clearly erroneous or contrary to law because it failed to address his argument that he is entitled to discovery under the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). In the alternative, petitioner asserts that the Order is clearly erroneous or contrary to law with respect to its rulings on the Williams v. Taylor and § 2254(e)(2) "exceptions" to Pinholster.

*1. Martinez is Inapplicable to Petitioner's Case*

Although petitioner is correct that the Magistrate Judge did not address his argument concerning Martinez, the argument is without merit. The Martinez rule does not apply in the circumstances of petitioner's case. "In Martinez, the Supreme Court carved out a 'limited qualification' to procedural default, explaining that a procedural default occurs when a state court declines to hear a claim based on a party's failure to comply with state procedural rules." United States v. Lee, 792 F.3d 1021, 1024 (8th Cir. 2015) (quoting Martinez, 132 S. Ct. at 1316, 1319). The Supreme Court in Martinez "narrowly proscribed the circumstances under which lack of counsel, or ineffective assistance of counsel, at the initial step of state post-conviction review could establish 'cause' to excuse a habeas petitioner's procedural default of a claim that his trial counsel rendered ineffective assistance," Tolefree v. Hobbs, 2015 WL 2237886, at * 3 (E.D. Ark. May 12, 2015), such that a federal habeas court can reach the merits of the trial-level ineffective assistance claim. Lee, 792 F.3d at 1024.

In Martinez, the habeas petitioner asserted that his post-conviction proceeding attorney failed to raise a claim for ineffective assistance of trial counsel. Because Martinez's ineffective assistance claim was not raised at the required time under state procedural rules, the claim was procedurally defaulted and he never obtained a review on the merits of the claim. Through the narrow exception created by the Supreme Court, Martinez was allowed to assert his initial-review collateral proceeding counsel's ineffectiveness as "cause" to excuse the default.

In contrast, in Pinholster, the petitioner's ineffective assistance of trial counsel claim was not procedurally defaulted, but instead was raised and rejected on the merits in state court. After considering the language of the statute, the Supreme Court held that in reviewing habeas claims under § 2254(d)(1), a federal court is limited to considering the record before the state court that adjudicated the claim, and is prohibited from receiving new evidence offered in support of the claim. 131 S. Ct. at 181-82.

Petitioner's case is like Pinholster and is controlled by its holding. Similar to Pinholster, petitioner argues that his trial attorney was ineffective for failing to investigate and present exculpatory evidence. As in Pinholster, petitioner's arguments were raised and rejected on the merits in his state post-conviction proceeding. Petitioner is now attempting to find additional support for his ineffective assistance claim through discovery to obtain new evidence that was not presented to the state court, but Pinholster bars any consideration of new evidence.

Petitioner's case is easily distinguished from Martinez. Unlike the facts in Martinez, here petitioner's post-conviction counsel raised a claim that trial counsel was ineffective for failing to discover the surveillance video DVD. Unlike Martinez, petitioner's ineffective assistance claim is not procedurally defaulted because it was raised in state court at the required time. Most

4

importantly, unlike Martinez, petitioner received a state court adjudication on the merits of his ineffective assistance claim. See Martinez, 132 S. Ct. at 1316 (explaining that "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.").

Because petitioner has received a ruling on the merits of his ineffective assistance of counsel claim, the rationale for Martinez's "narrow exception" is completely absent from his case and its holding does not apply here. See Gray v. Zook, 806 F.3d 783, 789 (4th Cir. 2015) ("Martinez permits a petitioner to excuse certain procedurally defaulted ineffective-assistance-of-trial-counsel claims. But if claims are not procedurally defaulted—that is, they were properly presented to the state court—then Martinez does not apply."), petition for cert. filed, No. 15-9473 (May 24, 2016). Cf. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012) (where petitioner's ineffective assistance claims were litigated in his post-conviction proceeding, "unlike Martinez, Arnold has already had his day in court[.]").

The conclusion that Martinez does not apply where a habeas petitioner's claims have been reviewed on their merits by the state courts is consistent with the decisions of two circuit courts that have addressed the issue. In Escamilla v. Stephens, 749 F.3d 380, 382 (5th Cir. 2014), the petitioner argued that under Martinez, the federal habeas court should have considered new evidence that was not presented to the state court, in support of his exhausted ineffective assistance claim. The Fifth Circuit disagreed, stating that "Martinez does not apply to claims that were fully adjudicated on the merits by the state habeas court because those claims are, by definition, not procedurally defaulted." Id. The court explained that "once a claim is considered and denied on the merits by the state habeas

5

court, <u>Martinez</u> is inapplicable, and may not function as an exception to <u>Pinholster</u>'s rule that bars a federal habeas court from considering evidence not presented to the state habeas court." <u>Id.</u> at 395.

In <u>Moore v. Mitchell</u>, 708 F.3d 760, 789 (6th Cir. 2013), the Sixth Circuit held that under <u>Pinholster</u>, a federal habeas court considering the merits of fully adjudicated claims cannot consider evidence that was not before the state courts, even if the parties jointly moved to expand the record. The court first held that <u>Martinez</u>'s narrow exception to the procedural default rule was inapplicable where the petitioner's claim was raised and rejected on the merits in state court. <u>Id.</u> at 785. The court then stated that petitioner was "not asking that we afford a <u>Martinez</u>-like review of a procedurally defaulted claim, but rather that we turn <u>Martinez</u> into a route to circumvent <u>Pinholster</u>." <u>Id.</u> The court rejected this effort, holding that "<u>Pinholster</u> plainly bans such an attempt to obtain review of the merits of claims presented in state courts in light of facts that were not presented in state court. <u>Martinez</u> does not alter that conclusion." <u>Id.</u>

In sum, <u>Martinez</u> does not apply to fully adjudicated claims that were raised and rejected in state court, like petitioner's ineffective assistance claim concerning the surveillance video DVD. Instead, <u>Pinholster</u> applies, and bars this Court's consideration of any new evidence in connection with its habeas review of this fully adjudicated claim. Petitioner is attempting to use <u>Martinez</u> to circumvent <u>Pinholster</u>'s rule, but he cannot do this.

The Court also rejects petitioner's alternative argument that the Magistrate Judge's Order is clearly erroneous or contrary to law with respect to its rejection of petitioner's arguments that <u>Williams v. Taylor</u> and § 2254(e)(2) act as exceptions to § 2254(d) and <u>Pinholster</u>. The Court concurs fully with the Magistrate Judge's analysis of these arguments.

*2. Petitioner Cannot Show "Good Cause" for Discovery*

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Under Rule 6(b), the requesting party must provide reasons for the request. To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy, 520 U.S. at 904, 908-09).

As discussed above, under Pinholster, federal review of petitioner's fully adjudicated ineffective assistance claim is restricted to the factual record that was before the state courts. Any new evidence developed in federal court has no bearing on this Court's review. See Pinholster, 563 U.S. at 185. Because the state courts adjudicated petitioner's claim on the merits, this Court may only look to the state court record in applying § 2254(d). As a result, petitioner cannot show the "good cause" required by Rule 6(a) for the discovery he seeks. See Greenlee, 2015 WL 847489, at *1. The Magistrate Judge properly denied petitioner's Second Motion to Authorize Discovery.

**IV. Conclusion**

For the foregoing reasons, the Court will overrule petitioner's Objections to the Magistrate Judge's Order of April 1, 2016 that denied petitioner's Second Motion to Authorize Discovery. Petitioner has failed to establish that any aspect of the Magistrate Judge's Order is clearly erroneous or contrary to law, or that he is entitled to discovery under Rule 6(a) of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Objections to the U.S. Magistrate Judge's April 1, 2016 Order Denying Discovery Under Rule 6 are **OVERRULED**. [Docs. 28, 29]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of June, 2016.