UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RODNEY L. FOSTER,                    )
                                     )
            Petitioner,              )
                                     )
      v.                             )      Case No. 4:15-CV-225-CAS-SPM
                                     )
JAY CASSADY,                         )
                                     )
            Respondent.              )

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned on Petitioner Rodney Foster's First Amended Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed through counsel. (Doc. 53). This case was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, the undersigned recommends that the petition be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Petitioner was convicted of one count of robbery in the first degree, one count of assault in the first degree, and two counts of armed criminal action, and he was sentenced to four terms of twenty-eight years' imprisonment, to run concurrently. Resp't Ex. B, Doc. 10-2, at 68-72.[1] Petitioner directly appealed his convictions to the Missouri Court of Appeals, raising a single claim: that the trial court erred in submitting instructions to the venire panel and jury that violated the Missouri Approved Instruction, MAI-CR 300.04, in that the court instructed the jury about

---

[1] Unless otherwise specified, page numbers refer to the page numbers of the electronically filed documents in the instant action.

1

matters not referenced in the instruction. Resp't Ex. C, Doc. 10-3, at 15. The Court of Appeals affirmed Petitioner's convictions. Resp't Ex. E, Doc. 10-5. Petitioner filed, through counsel, an amended motion for postconviction relief under Missouri Supreme Court Rule 29.15, asserting several claims. Resp't Ex. F, Doc. 10-6, at 10-22. After holding a hearing, the motion court denied Petitioner's motion. *Id.* at 35-55. Petitioner appealed, raising three claims: (1) ineffective assistance of trial counsel based on trial counsel's refusal to prepare Petitioner to testify at trial, which forced Petitioner involuntarily waive his right to testify; (2) ineffective assistance of trial counsel based on trial counsel's failure to investigate the existence of a DVD containing surveillance video from the scene of the crime; and (3) ineffective assistance of trial counsel based on trial counsel's failure to present critical mitigating evidence during sentencing. Resp't Ex. H, Doc. 10-8, at 11-13. The Missouri Court of Appeals affirmed the motion court's denial of the claims. Resp't Ex. J, Doc. 10-10.

On February 2, 2015, acting *pro se*, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2254. (Doc. 1). On April 24, 2015, Respondent filed a response. (Doc. 10). On August 26, 2016, Petitioner filed a Reply. (Doc. 34). On April 6, 2017, Petitioner filed a motion for leave to amend his petition, along with a proposed amended petition including four proposed grounds for relief. (Docs. 44 & 45). Following briefing on the motion for leave to amend, on August 2, 2016, the undersigned entered a report and recommendation recommending that the motion for leave to amend be granted in part and denied in part. (Doc. 50). On August 25, 2017, the district court adopted the undersigned's recommendation and ordered that Petitioner could assert three grounds in the amended petition: (1) actual innocence, (2) ineffective assistance of counsel based on counsel's advice to Petitioner not to testify, and (3) ineffective assistance of counsel based on failure to investigate surveillance video of the crime scene. (Doc. 51). On

September 22, 2017, Petitioner filed his First Amended Petition, in which he asserted those three grounds. (Doc 53). On December 6, 2017, Respondent filed a response. (Doc. 57 & 58).[2] On January 19, 2018, Petitioner filed a Reply. (Doc. 61).

## II. LEGAL STANDARDS

### A. Standard for Reviewing Claims Adjudicated on the Merits in State Court

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13

---

[2] Respondent actually filed two responses, one entitled "Response to Amended Petition," and the other entitled, "Amended Response to Amended Petition." The two documents are substantively identical.

(2000). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### B. Procedural Default

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 41 (8th Cir. 1996) (en banc)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

### III.  DISCUSSION

#### A.  Ground One: Actual Innocence

In Ground One, Petitioner asserts that his "right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution was violated when the trial court overruled his Motions for Judgment of Acquittal, failed to grant his Motion for New Trial, and in entering his judgment and sentence in that Petitioner is actually innocent of the crimes charged." 1stf Am. Pet'n, Doc. 53, at 4. In support of this claim, Petitioner asserts that his trial, appellate, and post-conviction counsel "failed to effectively present evidence through the testimony of witnesses and cross examination and conduct investigation that would have proved Petitioner's innocence." *Id.* Specifically, Petitioner alleges that although he repeatedly informed his trial counsel at what residence he had last seen the victim, and that although he informed trial counsel regarding his alibi, trial counsel failed to investigate the residence, failed to obtain cell phone or other records to establish his whereabouts, and failed to cross-examine the victim regarding his memory and other issues. *Id.*

As the undersigned previously noted in its report and recommendation on Petitioner's motion for leave to amend, the nature of the claim being asserted in Ground One is not entirely clear from the First Amended Petition. Although the first sentence of Ground One appears to indicate that it is an actual innocence claim, the other assertions in Ground One, viewed broadly,

could relate to multiple claims, including actual innocence, insufficiency of the evidence, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and/or ineffective assistance of post-conviction counsel. However, in Petitioner's reply to the response to the motion for leave to amend, and again in Petitioner's reply to the response to the First Amended Petition, both filed through counsel, Petitioner made it clear that he is asserting a claim of actual innocence. Thus, the undersigned will treat this as a claim asserting actual innocence.[3]

---

[3] The undersigned has also considered the possibility that although this claim is framed as one of actual innocence, it is actually intended to be a claim that there was insufficient evidence presented at trial to support Petitioner's conviction. To the extent that that Petitioner intends to assert such a claim, the undersigned agrees with Respondent that it should be denied because it has been procedurally defaulted. Under Missouri law, a claim challenging the sufficiency of the evidence to support a criminal conviction must be raised on direct appeal, and if such a claim was not raised on direct appeal, it is procedurally defaulted. *See Jones v. Jerrison*, 20 F.3d 849, 856 (8th Cir. 1994) ("[A] a state prisoner must allege an insufficient-evidence claim on direct appeal, not in a postconviction motion.") (citing *Street v. State*, 765 S.W.2d 630, 631 (Mo. Ct. App. 1989)); *Davison v. Steele*, No. 4:11-CV-750-AGF, 2014 WL 4219475, at *6 (E.D. Mo. Aug. 22, 2014) ("The Court agrees with Respondent that Petitioner's claim that there was insufficient evidence to support his first-degree murder conviction was procedurally defaulted in state court because he did not raise it in his direct appeal."). In his direct appeal, Petitioner raised only a single claim: that the trial court erred in submitting instructions to the venire panel and jury that violated the Missouri Approved Instruction, MAI-CR 300.04, in that the court instructed the jury about matters not referenced in the instruction, including the specific use of social networking sites, cell phones, computers, and other electronic devices during trial. Resp't Ex. C, Doc. 10-3, at 15. Petitioner's brief on appeal did not contain any argument related to the specific evidence presented in his case or whether that evidence was sufficient to support his convictions. Indeed, the Missouri Court of Appeals specifically noted in its decision that "Defendant does not challenge the sufficiency of the evidence to support his convictions" and thus that it would not discuss the evidence presented at trial. Resp't Ex. E, Doc. 10-5, at 4. Petitioner's suggestion that his post-conviction claims were sufficient to raise this claim is without merit, both because this claim was required to be raised on direct appeal and because none of the claims he raised in his post-conviction appeal involved the issue of whether there was sufficient evidence to support his conviction. Petitioner does not assert that there is any cause to excuse the failure to present this claim in the direct appeal, and as discussed *infra*, Petitioner has not established a gateway claim of actual innocence that might excuse the procedural default. Thus, to the extent that Petitioner intends to challenge the sufficiency of the evidence, the undersigned recommends that such a claim be found procedurally defaulted.

Respondent first argues that Ground One should be denied as untimely because it was filed outside the period specified in the statute of limitations and does not relate back to the date of the original petition. Respondent made the same argument in opposing Petitioner's Motion for Leave to Amend, and the undersigned analyzed that argument and rejected it, finding that the claim in Ground One did relate back to the original petition. The district court adopted the conclusions of the undersigned. Thus, this issue has already been resolved in Petitioner's favor, and Respondent's argument is without merit.

The undersigned next addresses the merits of this claim. In the habeas context, a claim of "actual innocence" may be either a "gateway claim," in which a petitioner asserts his actual innocence as a way to overcome procedural default of another claim, or a "freestanding claim," in which a petitioner asserts his actual innocence as an independent basis for habeas relief. *See, e.g.*, *Hayes v. Bowersox*, No. 4:12-CV-224- JMB, 2016 WL 659081, at *15 (E.D. Mo. Feb. 18, 2016) (discussing both types of claims). It appears likely that Petitioner is likely attempting to assert a freestanding claim rather than a gateway claim. However, because he does not expressly state which type of claim he is asserting and does not cite any case law relevant to this claim, the undersigned considers both possibilities.

A "gateway claim" of actual innocence, which has long been recognized by the Supreme Court, permits a federal habeas court to address the merits of procedurally defaulted claims where a petitioner has proven that he is actually innocent of the crime of which he was convicted. *See Schlup v. Delo,* 513 U.S. 298, 324-28 (1995). *See also Nash v. Russell*, 807 F.3d 892, 898-99 (8th Cir. 2015); *Burton v. Dormire*, 295 F.3d 839, 846 (8th Cir. 2002). To establish a gateway claim of actual innocence, "a petitioner must satisfy a two-part test." *Nash*, 807 F.3d at 899 (citing *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). First, "the 'allegations of constitutional error

7

must be supported with new reliable evidence not available at trial.'" *Id.* (quoting *Amrine*, 238 F.3d at 1029). Second, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. The Eighth Circuit has found that "evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine*, 238 F.3d at 1029; *accord Nash*, 807 F.2d at 899; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011).

Although the gateway claim of actual innocence has long been recognized, the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggins v. Perkins*, 569 U.S 383, 392 (2013) (citing *Herrera v. Collins*, 506 U.S. 389, 404-05 (1993)). The Eighth Circuit has recognized that "if the Supreme Court were to grant relief on this type of claim, 'the threshold . . . would be extraordinarily high [and] would require more convincing proof than the gateway standard.'" *Nash*, 807 F.3d at 899 (quoting *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014)). "[O]n a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Dansby*, 766 F.3d at 816 (quoting *Schlup*, 513 U.S. at 327). "The 'extraordinarily high' threshold, if recognized, would be even higher." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 555 (2006). *See also Hayes*, 2016 WL 659081, at *15 ("Because Hayes cannot meet the gateway standard of actual innocence, he certainly cannot satisfy any possible freestanding standard that might be applied to his case."); *Johnson v. Kelley*, No. 5:15-CV-00138-KGB-JTR, 2016 WL 10519110, at *9 (E.D. Ark. Dec. 15, 2016) ("Johnson has failed to establish a gateway actual innocence claim. *A fortiori*, his freestanding actual innocence claim also fails."), *report and recommendation adopted*, 2017 WL 5180807 (E.D. Ark. Nov. 8, 2017).

Petitioner has not alleged the facts necessary to establish either a gateway claim of actual innocence or the more demanding freestanding actual innocence claim (even assuming the latter were recognized). Petitioner does not allege that he has discovered any new evidence of his innocence, nor does he allege that any of that evidence was not available at trial. Although Petitioner alleges that his trial counsel should have investigated "cellphone or other records to establish Petitioner's whereabouts" and should have investigated a residence where Petitioner had last seen the victim, he does not allege that he has any of this evidence now, that any of this evidence was not available at trial, or that any of this evidence could not have been discovered earlier through the exercise of due diligence. In addition, although he asserts that his trial counsel should have cross-examined the victim regarding the victim's memory or other issues, he does not allege the existence of any evidence that was not available at trial that would have enabled such cross-examination. Petitioner also has not shown that any of this evidence shows "that it is more likely than not that no reasonable juror would have convicted him" had such evidence been presented at trial. *See Schlup*, 513 U.S. at 327. Thus, Petitioner cannot establish actual innocence either as a gateway claim or a freestanding claim, and the undersigned recommends that Petitioner's actual innocence claim be denied.

**B.  Ground Two: Ineffective Assistance of Counsel—Petitioner' Trial Testimony**

In Ground Two, Petitioner asserts that his trial counsel was ineffective because his trial counsel encouraged Petitioner not to testify at trial. Petitioner asserts that he was a necessary witness in his own defense to show that he was not in fact the assailant, that he wanted to testify in his own defense, and that it was unreasonable to encourage him not to testify. Petitioner also argues that if he had been permitted to testify, the result in his case would have been different.

Both parties appear to presume that this claim was raised in state court and denied on the merits. However, a review of the record shows that the claim Petitioner raised in state court was different from the one raised here—it was not a claim that trial counsel made an unreasonable decision to encourage Petitioner not to testify, but instead was a claim that trial counsel failed and refused to prepare Petitioner to testify, thereby forcing Petitioner to involuntarily waive his right to testify and denying him his constitutional right to testify on his own behalf. In the interest of clarity and completeness, the undersigned will presume that Petitioner intends to raise both claims here and will address each separately.

### 1. Ground 2A: Ineffective Assistance of Trial Counsel—Refusal to Prepare Petitioner to Testify and Consequent Denial of Petitioner's Right to Testify

The undersigned first considers the claim that Petitioner's trial counsel was ineffective because he failed and refused to prepare Petitioner to testify, thereby forcing Petitioner to involuntarily waive his right to testify and denying him his right to testify on his own behalf. This claim was raised in Petitioner's motion for post-conviction relief and in the appeal from the denial of that motion. *See* Resp't Ex. F, Doc. 10-6, at 12, 14-15; Resp't Ex. H, Doc. 10-8, at 14-17. The state courts considered that claim and denied it on the merits. Resp't F, Doc. 10-6, at 41-42; Resp't Ex. J, Doc. 10-10, at 3-4.

A criminal defendant has a federal constitutional right to testify on his or her own behalf at his or her trial. *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987). The defendant "has the ultimate authority to make certain fundamental decisions regarding the case, [including] whether to . . . testify in his or her own behalf." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right." *United States v. Bernloehr*, 833 F.2d 749, 751 (8th Cir. 1987). A defendant's waiver of the right to testify must be made voluntarily and knowingly. *Frey v. Schuetzle*, 151 F.3d 893, 898 (8th

10

Cir. 1998). *See also Berkovitz v. Minnesota*, 505 F.3d 827, 828 (8th Cir. 2007) ("Only the defendant may waive her right to testify, and the waiver must be made voluntarily and knowingly.").

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, Petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance claim has been addressed by the state court, the federal habeas court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). "So long as the state court's decision was not 'contrary to' clearly established law, the remaining question under the 'unreasonable application' clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is

11

unreasonable, not merely whether it is incorrect." *Id.* "This standard was meant to be difficult to meet, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal quotation marks omitted).

In denying Petitioner's claim that his trial counsel was ineffective because he refused to prepare Petitioner to testify at trial, thereby denying him his right to testify, the motion court stated:

> The first allegation in the Amended Motion is that his trial counsel was unprepared to present Mr. Foster as a witness at trial and he was thereby denied his right to testify in his own defense.
> This allegation is without merit and denied. The Court made an extensive record during trial regarding Movant's decision whether to testify at trial and again at the time of sentencing. The record with regard to this allegation refutes the allegation. Additionally, at no point in the discussions with regard to Movant's decision not to testify at trial did Movant raise the issue that he did not testify because his attorney did not prepare him to testify. At sentencing Movant said he regretted not taking the stand but listened to the advice of his counsel and his family. Movant acknowledged that he understood he had the right to testify and that it was his final decision whether to testify.

Resp't Ex. F, Doc. 10-6, at 41-42. In reviewing this claim on appeal, the Missouri Court of Appeals stated:

> During trial, Movant was questioned about his decision regarding testifying. He acknowledged counsel had discussed the pros and cons with him and given his advice and recommendation. Movant stated he understood the "plusses and minuses for each choice," and he understood the final decision was his to make. Movant testified he chose to remain silent because he decided it was the best thing to do.
> Both Movant and trial counsel also testified at the evidentiary hearing. Trial counsel stated he discussed the decision whether to testify with Movant and advised him it would be "foolhardy for him to testify." Counsel did not recall whether or not Movant wanted to testify. Counsel did recall during trial movant was given the option to testify and Movant stated he did not want to do so. Counsel wholeheartedly agreed with Movant's decision.
> Movant testified at the evidentiary hearing that the reason he chose not to testify was because he was not prepared and counsel did not want him to testify. Movant indicated that he understood if he testified at trial, his prior convictions would be brought to the attention of the jury, but he wanted to testify anyway. During sentencing, Movant also expressed regret over not taking the stand. Movant stated he listened to counsel's advice and the advice of his family in making the decision.

The decision whether or not to testify rests solely with the defendant. *Jackson v. State*, 205 S.W.3d 282, 286 (Mo. App. E.D. 2006) (citing *Rousan v. State*, 48 S.W.3d 576, 585 (Mo. banc 2001)). However, a defendant is entitled to receive competent advice regarding this choice. *Id.* The motion court concluded Movant understood his right to testify and it was Movant's final decision whether to testify. The motion court's finding is supported by Movant's statements on the record at trial. The record supports the trial court's conclusion that Movant made the decision not to testify based on reasonable advice from counsel, and therefore, counsel could not be considered ineffective for failing to prepare Movant to testify following Movant's voluntary choice. As a result, the motion court did not clearly err in denying Movant's motion regarding this claim. Point denied.

Resp't Ex. J, Doc. 10-10, at 3-4.

The Missouri Court of Appeals' decision did not involve an unreasonable determination of the facts presented in state court, nor did it represent an unreasonable application of *Strickland* or any other federal law to the facts of this case. The record contains ample factual support for the state courts' conclusion that Petitioner's decision not to testify was made knowingly and voluntarily, rather than being a decision he was forced into based on his trial counsel's refusal to prepare him to testify. Specifically, the record shows that before the trial court, Petitioner unequivocally testified that his trial counsel had talked to him about the fact that he had the right to testify, that his trial counsel had given him his advice about the pros and cons of testifying and of remaining silent, that Petitioner understood the plusses and minuses of each choice, that Petitioner understood that the final decision was his, that Petitioner understood that he would make his decision based on what he thought was best for him, and that Petitioner chose to remain silent. Resp't Ex. M, Vol. 3, Doc. 57-5, at Tr. 419-22.[4] In addition, at sentencing, although Petitioner testified that he regretted not taking the stand, he also testified that at the time of trial, he understood his right to testify, and it was his decision to remain silent. Resp't Ex. A, Doc. 10-1, at 13-16. He also specifically testified that he made the decision after hearing the opinions of his

---

[4] The page numbers following "Tr." refer to the numbering of the pages of the trial transcript.

lawyer, his family, and friends. *Id.* at 14, 15-16. As the motion court noted, at no point in his discussions with the trial judge about his decision not to testify at trial did he indicate that his decision was made based on his attorney's failure or refusal to prepare him to testify. *See* Resp't Ex. F, Doc. 10-6, at 42.

Consistent with the trial court record, Petitioner's trial counsel testified at the hearing before the motion court that he discussed with Petitioner any testimony he might give, that he told Petitioner it would be foolhardy to testify, that he did not recall Petitioner telling him he wanted to testify, that Petitioner was given the option to testify and did not want to, and that trial counsel was "wholeheartedly in agreement" with Petitioner's decision not to testify. Resp't Ex. G, Doc. 10-7, at 7-8. Although Petitioner testified at the hearing before the motion court that he wanted to testify but did not testify because his attorney did not prepare him, *id.* at 24, the state courts were not required to credit that testimony over the other evidence in the record showing that he chose not to testify based on the advice of his attorney, family, and friends. *Cf. Winfield v. Roper*, 460 F.3d 1026, 1035 (8th Cir. 2006) (denying ineffective assistance claim where the petitioner's assertion that he did not waive his right to testify was explored at an evidentiary hearing and the state court found counsel's testimony more credible than contrary evidence). The Missouri Court of Appeals also reasonably determined that Petitioner's trial counsel could not be found ineffective for failing to prepare a defendant to testify when that defendant had decided he did not want to testify.

In light of Petitioner's unequivocal testimony that he understood his right to testify and that the decision not to testify was his, it was not unreasonable for the state courts to deny Petitioner's claim that his trial counsel's failure to prepare him denied him his right to testify or that his trial counsel's failure to prepare him constituted deficient performance. *See, e.g., Berkovitz v.*

*Minnesota*, 505 F.3d 827, 828 (8th Cir. 2007) (per curiam) (denying petitioner's claim that she was unduly influenced or coerced into waiving her right to testify by her counsel's conduct; finding her waiver was knowing and voluntary based on evidence that trial counsel had informed her of her right to testify, that the trial court made sure that she understood her right to testify, and that petitioner remained silent after her trial counsel rested); *Sansoucie v. Wallace*, No. 4:10-CV-2393-ACL, 2014 WL 2611802, at *4 (E.D. Mo. June 11, 2014) (state court reasonably found that trial counsel was not ineffective for failing to inform petitioner that it was his decision whether to testify in his defense, where the trial court advised petitioner of his right to testify and the petitioner testified during his trial that he understood his rights and decided not to testify after consulting with his attorneys); *Blanchard v. Wallace*, No. 4:12-CV-1269, 2014 WL 1648891, at *2 (E.D. Mo. Apr. 24, 2014) ("Petitioner's acknowledgment of his understanding of his right to testify evidences that he voluntarily waived this right at trial."); *Liston v. Bowersox*, No. 4:06-CV-0532-AGF, 2009 WL 539941, at *8 (E.D. Mo. Mar. 4, 2009) (denying petitioner's claim that his counsel was ineffective because his counsel coerced him into not testifying; reasoning that the trial court had ascertained on the record that petitioner understood he had the right to testify and made the voluntary decision not to do so, that petitioner admitted that his trial counsel had told him the decision was his, and that petitioner remained silent after defense counsel rested).

Petitioner argues that the state court decision rested on an unreasonable determination of the facts and misapprehended and ignored the true nature of the evidence involved, and that therefore the court should conduct a *de novo* review of this claim. Petitioner relies for this proposition on *Taylor v. Maddox*, 366 F.3d 992, 1006-08 (9th Cir. 2004), in which the Ninth Circuit set aside the state court's determination of the facts and made its own, after first finding

15

that the state court had made an unreasonable determination of the facts because it failed to take into account key evidence in the record that was highly relevant to the petitioner's claim.

*Taylor* is inapplicable. Here, the state court did not fail to take into account key evidence in the record and did not otherwise make an unreasonable determination of the facts. The Missouri Court of Appeals did not ignore the key evidence on which Petitioner relied in support of his claim—his testimony at the evidentiary hearing that he did not testify because counsel failed to prepare him—but rather discussed that evidence expressly, along with other evidence regarding how and why Petitioner decided not to testify. The only specific error Petitioner identifies in the state court's ruling is that the Missouri Court of Appeals mischaracterized the motion court's decision when it stated, "the record supports the trial court's conclusion that Movant made the decision to testify based upon reasonable advice from counsel, and therefore, counsel could not be considered ineffective for failing to prepare Movant to testify following Movant's voluntary choice." Petitioner is correct that the motion court never actually made a finding that Petitioner's decision not to testify was based on "reasonable" advice of counsel, likely because that issue was not placed before it. However, the Missouri Court of Appeals' misstatement does not render its decision unreasonable, for two reasons. First, it does not appear that the Missouri Court of Appeals' statement about the reasonableness of counsel's advice not to testify was material to the denial of Petitioner's claim. Petitioner never argued to either the motion court or the appeals court that his trial counsel's *advice* that he not testify was unreasonable; instead, he argued only that because trial counsel refused to prepare him to testify, he was forced to waive his right to testify. The motion court and the Missouri Court of Appeals reasonably resolved that claim by finding that Petitioner himself made the decision not to testify voluntarily and knowingly, based on his counsel's advice, and that counsel could not be found ineffective for failing to prepare him to

16

testify when he had voluntarily decided not to testify. Second, to the extent that the Missouri Court of Appeals' finding regarding the reasonableness of trial counsel's advice not to testify was material to its decision, that finding was reasonable and supported by the record, as discussed at length below in the undersigned's discussion of Ground 2B.

For all of the above reasons, the undersigned recommends that Ground 2A—the claim that trial counsel was ineffective because he failed and refused to prepare Petitioner to testify, thereby forcing Petitioner to involuntarily waive his right to testify and denying him his right to testify on his own behalf—be denied.

### 2. *Ground 2B: Ineffective Assistance of Trial Counsel—Reasonableness of Advice that Petitioner Not Testify*

The undersigned next addresses Petitioner's claim that his trial counsel was ineffective because his trial counsel unreasonably encouraged Petitioner not to testify at trial, despite the fact that Petitioner was a necessary witness in his own defense and wanted to testify. Petitioner also argues that if he had testified, the result in his case would have been different. Petitioner does not specify precisely what testimony he would have offered had he testified at trial, nor does he explain how that testimony would have affected the outcome of the trial, except to say that he "was a necessary witness in his own defense to establish that he was not in fact the assailant." 1st Am. Pet'n, Doc. 53, at 5.

It appears likely that this claim has been procedurally defaulted, because Petitioner never presented to the state courts the issue of whether his trial counsel's advice that he not testify was reasonable. However, the question of procedural default is somewhat complicated, given Petitioner's raising of a closely related claim and the Missouri Court of Appeals' finding regarding the reasonableness of Petitioner's trial counsel's advice. Moreover, Respondent did not raise the issue of procedural default, and the Eighth Circuit has held that the district court should

17

not *sua sponte* decide a case based on a procedural default without giving the parties fair notice and an opportunity to present their positions. *See Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014); *accord Deck v. Steele*, No. 4:12-CV-1527-CDP, 2015 WL 5885968, at *2 (E.D. Mo. Oct. 8, 2015). The Eighth Circuit has recognized that "judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). Because this claim is easily resolved against Petitioner on its merits, the undersigned need not reach the question of procedural default.

The undersigned will assume, for purposes of this analysis, that the state courts did not address this claim, and thus will not apply the deferential standards of AEDPA. *See Taylor v. Bowersox*, 329 F.3d 963, 968 (8th Cir. 2003) (AEDPA's deferential standards do not apply to claims not adjudicated on the merits by the state court). Even under a *de novo* review, the undersigned finds that Petitioner's claim is without merit.

As discussed above, in establishing deficient performance under the first prong of *Strickland*, Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). "[C]ourts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and sympathies of judge and jury." *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987). "Counsel may advise a defendant not to testify . . . as a matter of reasonable trial strategy." *Deck v. Steele*, 249 F. Supp. 3d 991, 1031 (E.D. Mo. 2017) (citing *Whitfield v. Bowersox*, 324 F.3d 1009, 1016-17 (8th Cir. 2003)).

18

Petitioner has not overcome the presumption that his counsel's advice that he not testify was a reasonable trial strategy. Petitioner testified on the record that his trial counsel had given him his advice about the pros and cons of testifying and of remaining silent, and that Petitioner made the decision not to testify after hearing the opinions of his trial counsel and his family and friends. Resp't Ex. M, Vol. 3, Doc. 57-5, at Tr. 419-22; Resp't Ex. A, Doc. 10-1, at 13-16. Petitioner's trial counsel also testified at the hearing before the motion court that he had discussed with Petitioner any testimony he might give and that he told Petitioner it would be foolhardy to testify. Resp't Ex. G, Doc. 10-7, at 7-8. Although Petitioner's trial counsel did not specifically testify about why he gave that advice—likely because Petitioner did not raise that as an issue in the state court proceedings—Petitioner testified that he was aware that if he testified, his multiple prior convictions would be brought to the attention of the jury. *Id.* at 24.[5] The reasonable inference to be made from the record is that Petitioner's trial counsel advised Petitioner not to testify at least in part because he did not want Petitioner's multiple prior convictions to be brought before the jury, which was a reasonable decision. *See, e.g.*, *Blakemore v. Wallace*, No. 4:13CV00125 AGF, 2016 WL 1245939, at *5 (E.D. Mo. Mar. 30, 2016) ("In light of Petitioner's multiple prior convictions, any advice by counsel not to testify would have fallen within the 'wide range of reasonable professional assistance' permitted by *Strickland*."); *Russell v. Norman*, No. 4:11CV2016 TIA, 2015 WL 1725976, at *15 (E.D. Mo. Apr. 15, 2015) (finding that counsel's advice not to testify "not only fell within the wide range of reasonable professional assistance but was competent and sound" where the petitioner had prior convictions for domestic assault and robbery that would likely have been revealed had he testified); *Speer v. Wallace*, No. 4:12CV2220

---

[5] Petitioner acknowledged that he had at least seven prior convictions, including convictions for stealing, stealing a motor vehicle, receiving stolen property, and tampering. Resp't Ex. A, Doc. 10-1, at 32-33.

ACL, 2016 WL 759323, at *9 (E.D. Mo. Feb. 26, 2016) ("[C]ounsel's advice not to testify was reasonable trial strategy in light of Speer's extensive criminal history.").

The record also shows that, contrary to Petitioner's argument that his testimony was necessary to show that he was not the assailant, Petitioner's trial counsel was able to introduce Petitioner's alibi defense through other means: the testimony of Petitioner's son. Petitioner's son testified that at the time of the crime, Petitioner was visiting Petitioner's son's home in another area of town. *See* Resp't Ex. M., Vol. 3, Doc. 58-5, at Tr. 436-37. Given that evidence of Petitioner's alibi was introduced from this other source, his own testimony regarding his alibi would have been cumulative. The undersigned cannot say it was an unreasonable decision for his trial counsel to advise him not to testify where that testimony would have been cumulative, particularly given the potential for harm from the jury learning of his prior convictions. *See Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006) (counsel was not ineffective for failing to introduce testimony that "would have been cumulative to that which was introduced"). Thus, Petitioner cannot establish the first prong of *Strickland*, and the undersigned recommends that this claim be denied.

The undersigned also finds that Petitioner cannot establish the second prong of *Strickland* (prejudice), because he cannot show that but for counsel's advice that he not testify, the result of the proceeding would have been different. As discussed above, evidence of Petitioner's alibi was introduced at trial, so to the extent that Petitioner would have offered testimony about his whereabouts at the time of the crime, that testimony would have been cumulative. Petitioner's trial counsel's decision not to introduce this cumulative evidence did not constitute prejudice under *Strickland*. *See Washington v. Kemna*, 16 F. App'x 528, 530 (8th Cir. 2001) (petitioner failed to show prejudice under *Strickland* from trial counsel's failure to advise petitioner of his right to

20

testify where "[petitioner's] testimony would have merely reiterated the alibi defense already provided through the trial testimony of his mother"); *Blanchard v. Wallace*, No. 4:12-CV-1269-CEJ, 2014 WL 1648891, at *3 (E.D. Mo. Apr. 24, 2014) (petitioner failed to show prejudice under *Strickland* based on attorney's failure to call petitioner as a witness where "petitioner's testimony would have been cumulative of evidence already in the record"). Notably, Petitioner does not identify any other testimony he would have given had he testified, nor does he explain how his testimony might have changed the outcome of the trial.

For all of the above reasons, the undersigned recommends that Ground 2B—the claim that Petitioner's trial counsel was ineffective because his trial counsel unreasonably encouraged Petitioner not to testify at trial—be denied.

## IV.   Ground Three: Ineffective Assistance of Counsel—Failure to Investigate Surveillance Recording

In his final ground for relief, Petitioner asserts that his trial counsel rendered ineffective assistance because he failed to conduct sufficient investigation to secure a DVD containing a surveillance video of the crime scene. This claim was raised in Petitioner's amended motion for postconviction relief and in the appeal from the denial of that motion, and the Missouri Court of Appeals denied the claim on the merits. Resp't Ex. G, Doc. 10-7, at 12-13; Resp't Ex. J, Doc. 10-10, at 4-5.

In reviewing the claim on appeal, after noting the applicable *Strickland* standards, the Missouri Court of Appeals stated:

> To prevail on a claim of ineffective assistance of counsel for failure to investigate, Movant must prove what information plea counsel failed to discover, that reasonable investigation would have resulted in the discovery of such information, and the information would have aided his defense. Bliss v. State, 367 S.W.3d 190, 195 (Mo. App. S.D. 2012). Movant must prove these things at the evidentiary hearing by a preponderance of the evidence. Rule 29.15(i). He failed to do so here.

21

At the evidentiary hearing, Counsel did acknowledge a reference to a surveillance video from the crime scene in the police report. However counsel testified he did not see the DVD. Counsel stated he contacted the prosecutor to try to obtain a copy of the video and was told there was no DVD. He did not contact the location of the assault and robbery to ask if they had a copy of the DVD because he was told it did not exist.

Movant failed to present any evidence at the hearing to prove the DVD actually existed. In addition, he did not present any evidence that if the DVD did exist that it contained evidence that would have aided his defense. Movant cannot prevail on a claim for ineffective assistance of counsel based on the bare assertion that counsel failed to investigate. *See Craig v. State*, 410 S.W.3d 728, 734 (Mo. App. W.D. 2013) (without proof mere assertion of failure to investigate does not support post-conviction claim).

As a result of the foregoing, the motion court did not clearly err in denying Movant's claim that appellate counsel was ineffective.

*Id.* at 2-5.

As discussed above, to show ineffective assistance of counsel, Petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687. In addition, because this ineffective assistance claim has been addressed by the state court, this Court must apply a "doubly deferential" standard of review. *Williams*, 695 F.3d at 831.

Petitioner has not shown that the decision of the Missouri Court of Appeals was contrary to federal law, resulted from an unreasonable determination of the facts, or involved applying *Strickland* to the facts of this case in an unreasonable manner. The Missouri Court of Appeals set forth the two-pronged *Strickland* test in its decision, and although its decision could have been clearer, it appears that the Missouri Court of Appeals' decision rested on a finding that Petitioner could not establish the second prong of *Strickland* (prejudice), because Petitioner had not shown any evidence that the DVD existed or that it contained evidence that would have aided his case.[6]

---

[6] Petitioner directs much of his argument to the first prong of *Strickland*, emphasizing at length Petitioner's counsel's deficient performance in failing to take additional steps to investigate the DVD. Because this claim plainly fails on the second prong, and because it does not appear that the

This determination was entirely reasonable. The Eighth Circuit has stated that "failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel," but that "[s]uch a failure is not . . . a conclusive indication of ineffective assistance of counsel." *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). Petitioner must still establish a reasonable probability that, but for the failure to investigate or discover the evidence, the outcome of the trial would have been different. *Id.* Absent some evidence other than speculation that the potential evidence would have changed the outcome of the trial, the second prong of *Strickland* is not satisfied. *See United States v. Vazquez-Garcia*, 211 F. App'x 544, 545-46 (8th Cir. 2007) (petitioner failed to show prejudice from trial counsel's failure to interview a witness who allegedly would have testified that the petitioner was innocent and not involved in a drug conspiracy, because the petitioner had "not provided any independent

---

state court rested its decision on the first prong, it is unnecessary to address the first prong. However, to the extent that the state court did find the first prong of *Strickland* not satisfied, that decision was reasonable and supported by the record. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Here, as the state court noted, Petitioner's trial counsel testified that he learned of the possible existence of the DVD from the police report mentioning it, that he contacted the prosecutor to try to obtain a copy of the DVD, and that he was told there was no DVD. Resp't Ex. G, Doc. 10-7, at 8-9. He testified that the reason he did not investigate further was that he had been told that there was no DVD. *Id.* at 9. Although Petitioner's trial counsel certainly could have taken additional steps to investigate further, the undersigned cannot say that it was an unreasonable professional judgment for Petitioner's trial counsel to take the Circuit Attorney at his or her word that no DVD existed, and to focus his efforts on other defenses. Particularly in light of the heavy deference the Court must give to counsel's judgments, it was reasonable for the state court to find that counsel's performance was not deficient. Petitioner's suggestion that the state court's decision was unreasonable because it "does not deal with the fact that trial counsel failed in every way to conduct an independent investigation of the case" with regard to the surveillance video, Reply, Doc. 61, at 9, is without merit. The Missouri Court of Appeals fully discussed the evidence in the record regarding what the prosecutor did and did not do, and Petitioner cites no authority for his suggestion that the state court was obligated to discuss every step Petitioner's trial counsel should have taken but did not take. Petitioner also points to no key facts in the record that were ignored by the state court and points to no errors in the state court's factual determination.

evidence to the court as to what [the witness] would have allegedly said had he been interviewed or called to testify" and "[t]he only information about what [the witness's] potential testimony would have been is speculation on the part of [petitioner]"); *see also Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (petitioner failed to show prejudice under *Strickland* from trial counsel's failure to interview a witness where petitioner offered only "speculation that [the witness] *might* have testified that appellant was innocent").

As the state court reasonably found, Petitioner did not present any evidence that the DVD—if it even existed at all—contained any evidence that would have aided in Petitioner's defense. Petitioner offered nothing other than speculation that it would have contained exculpatory evidence. Thus, he did not show a reasonable probability that the outcome of the trial would have been different had trial counsel conducted additional investigation into the existence of the DVD, and the second prong of *Strickland* is not satisfied.

Petitioner argues that the Missouri Court of Appeals' decision is contrary to Supreme Court precedent, because the Missouri Court of Appeals found that Petitioner was required to produce the DVD, a condition not present in the *Strickland* test. This argument is without merit. The Missouri Court of Appeals did not require Petitioner to produce the actual DVD in order to prevail on his claim. Instead, it pointed out that Petitioner could not prevail because he "failed to present any evidence at the hearing to prove the DVD actually existed" and "did not present any evidence that if the DVD did exist that it contained evidence that would have aided his defense." Resp't Ex. J, Doc. 10-10, at 5. This is entirely consistent with *Strickland*'s requirement that a Petitioner show a "reasonable probability that . . .  the result of the proceeding would have been different" absent counsel's alleged error. It is also consistent with the above-cited Eighth Circuit cases requiring a petitioner to offer more than mere speculation that evidence not found by trial counsel would have

changed the outcome of the trial. Because the state court reasonably found that Petitioner could not establish the second prong of *Strickland*, this claim is without merit.

For all of the above reasons, the undersigned recommends that Ground Three be denied.

## V.    Request for Evidentiary Hearing

Petitioner states in his petition that he "requests an evidentiary hearing on all of his claims for relief," but he provides no argument for why he is entitled to such a hearing. With regard to the claims that were addressed on the merits by the state court (Ground 2A and Ground 3) this Court's review of the claim is limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); 28 U.S.C. § 2254(d)(2) (providing that a claim shall not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added). Thus, no evidentiary hearing is permitted with respect to those claims.

To the extent that Petitioner is asserting claims that were not adjudicated on the merits in state court—Grounds 1 and Ground 2B—Petitioner has also failed to establish that a hearing is permitted or warranted. Under 28 U.S.C. § 2254(e)(2), where a petitioner has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner plainly failed to develop the factual basis of both his actual innocence claim and his claim that his trial counsel was ineffective in advising him not to testify, as he made no attempt to raise these claims before the state court. *See Williams v. Taylo*r, 529 U.S. 420, 437 (2000) ("For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").

Petitioner does not allege that any of his claims relies on a new rule of constitutional law, nor does he make any attempt to show that any of his claims relies on a factual predicate that could not have been previously discovered through the exercise of due diligence. Petitioner's actual innocence claim in Ground 1 rests on his assertion that his counsel was aware of evidence that trial counsel should have used to prove Petitioner's innocence, and the petition makes it clear that the facts underlying that claim all could have been discovered through the exercise of due diligence at trial, on appeal, and/or in post-conviction proceedings. The claim in Ground 2B—that Petitioner's trial counsel was ineffective failing for unreasonably advising Petitioner not to testify—also relies on facts that were, or could have been discovered, at trial or in post-conviction proceedings.

26

For all of the above reasons, the request for an evidentiary hearing is denied.

**VI.    CONCLUSION**

For all of the above reasons, the undersigned recommends that Petitioner is not entitled to relief on any of his claims and finds that his request for an evidentiary hearing should be denied. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS HEREBY RECOMMENDED** that Petitioner's First Amended Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 53) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**.

The parties are advised that they have fourteen (14) days to file written objections to this Order and Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2018.

27